(No. 82-CC-1139-)

MEDISCREEN CORP., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 10, 1995.*

KOVITZ, SIFRIN & WAITZMAN (RICHARD W. HILLS-BERG, of counsel), for Claimant.

JIM RYAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

Claimant Mediscreen Corporation brought this claim on December 3, 1981, seeking payment of $78,400.93 for services rendered on behalf of the Respondent's Department of Public Aid (hereinafter referred to as DPA). In February of 1986 the Claimant filed a motion for summary judgment, essentially seeking to have the Court enter a default judgment in the case. The Respondent had filed no responsive pleading other than the general denial by rule up to that time. The case had been set for hearing and continued on 15 separate occasions. On April 7, 1986, an order was entered which gave the Respondent 45 days to file a response to the merits of the claim and denied, with leave to renew, the motion for summary judgment, should the Respondent fail to comply with the order.

Although the Claimant's motion had been denied, the Respondent filed a response to Claimant's motion for

summary judgment. Therein the Respondent stated that State of Illinois warrants were issued pursuant to vouchers which comprise the attachments to Claimant's complaint. The Respondent attached certified copies of paid warrants totalling $47,514.10. The unpaid warrants were said to have escheated or been vouchered and the time allowed for seeking replacement thereof had expired. Thus Respondent concluded its response by arguing that the statute of limitations had run on the unpaid portion of this claim and asking for summary judgment in its favor.

No reply to the Respondent's pleading was filed. We will construe that pleading to be a cross-motion for summary judgment.

Although warrants were issued in payment for the services giving rise to the claim at bar, it is clear to us that the Respondent has not actually paid for all of the services. The fact that warrants were issued is an admission that the services were satisfactorily performed and that the Respondent owed the money. Not paying for services is a breach of contract. Such causes of action are governed by a five-year statute of limitations. Judgment will be entered in favor of the Claimant for the unpaid balance of the claim.

Wherefore, it is hereby ordered that the Claimant be, and hereby is, awarded $30,886.83, payable with general revenue fund money.